Taylor, C. J.
delivered the Opinion of the Court:
The question as to the form and regularity of the probate depends upon the construction of the Act of 1784, §11; which, among other requisites to the validity of a will to pass real estates, calls for its subscription by two witnesses at least, in presence of the testator. The circumstances there enumerated are essential to the legal Validity of the will} and their existence must be proved to the County Court, to authorise them to record the will. But it is not necessary to set them forth in the certificate of the Clerk; because when it appears, as in thi3 case, that the will was attested by two witnesses, and the Clerk certifies that it was proved by one, the proof must prima facie be intended to have been such as the Law requires. In other words, that the witness by whom it was proved, deposed also, that himself and the other witness subscribed the will in the presence of the testator. In the case of Henry v. Ballard and Slade,* decided at the present • ‘ *15 Term, the certificate of probate is much fuller than the present one, but still it omits the subscription of the wit-iiesses in the testator’s presence. The fact itself was proved at the trial, and the Court held that sufficient, and therefore did not decide on the validity of the certificate of probate» Whether a probate could be sustained, when its form is such as to authorise a fair inference that any one of the ceremonies required by the Act, had not been proved by the witness on Whose testimony the will is ordered to be recorded, we do mot decide. Such a conclusion cannot be drayvn from th^ paper now exhibited, nor can it be perceived that it is otherwise exceptionable. Enough appears, to give operation to the rule, omriia praesumunlur solemniter esse acta.
There has been a continuity of possession under this will for near thirty years, and there is nothing to bring the Plaintiff within any of the exceptions of the Act of Limitation. The circumstance of James Hammond having died at the end of two years, after being possessed of the land, cjid not interrupt the progress of the Act, because his heirs entered immediately without permitting any vacant possession to intervene. H*s possession then; became theirs, and must be computed for their benefit. For it has never been understood, under any construction of the Law, that the death of a tenant after a shorter possession than seven years, prevented the running of the Act of Limitation', where, notwithstanding his death, the land continued to be occupied by his heirs, or by others claiming under the same title.
Upon the whole, then, here has beén a colour of title, accompanied by such a possession as has ripened it into a perfect one. And the Defendant is, consequently,.entitled to Judgment.

 2 Car. Law. Rep. 595